JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

MARK L. KROTOSKI (CSBN 138549)
SUSAN KNIGHT (CSBN 209013)
Assistant United States Attorneys

   1301 New York Avenue, Suite 600
   Washington, D.C. 20530-0016
   Telephone: (202) 307-6389
   Facsimile: (202) 514-6113
   E-Mail: Mark.Krotoski@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-00423 JF |
| Plaintiff, | GOVERNMENT'S SENTENCING REPLY MEMORANDUM |
| v. | Date: December 18, 2008 |
| ATUL MALHOTRA, | Time: 11:00 a.m. |
| Defendant. | Judge: Hon. Jeremy Fogel |

Consistent with Local Rule 32-5, the government respectfully files this Sentencing Reply Memorandum in response to the Defendant's Revised Sentencing Memorandum (filed Dec.10, 2008).

As before, the government once again asks the Court to apply the stipulated Sentencing Guidelines from the plea agreement. The government believes the requested probationary sentence is inappropriate based on the facts of this case. Such a sentence would sent the wrong message that a company vice president may with impunity steal trade secrets and other materials from his employer and avoid sufficient punishment.

Surprisingly, the defense makes an unfounded claim that the government has failed to follow the terms of the plea agreement. The claim lacks any support. At all times, the government has urged the Court to apply the Sentencing Guidelines in the plea agreement.

The government has noted that under an explicit provision of the plea agreement, the defendant's acceptance of responsibility expressly remains conditioned on the defendant's continued acceptance of responsibility through sentencing. The Plea Agreement signed by the defendant provides:

> "If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a two-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility *through and including the time of sentencing*. " (Emphasis added.)

This conditional language merely notes the continuing obligation of the defendant. It remains as a determination the Court will have to make during the sentencing hearing.[1]

After reviewing the present papers, including the defendant's letter to the Court, the government now requests that the two level reduction be applied in this case (assuming the defendant continues to demonstrate acceptance of responsibility through the sentencing hearing as required under the terms of his plea agreement).

However, the government will seek to address the relevant Section 3553(a) factors during the hearing. The government believes there are a number of defense inaccuracies concerning the scope of the defendant's conduct, the value of the misappropriated trade secret, and the defendant's efforts concerning the trade secret that the government would like to have an opportunity to note at the hearing before the sentence is imposed. For example, while the

---

[1] This conditional acceptance of responsibility language is standard and has been used in most plea agreements in the Northern District of California for several years. *See also U.S. v. Adams,* 197 F.3d 1221, 1223 (8th Cir. 1999) ("We also conclude that the government did not breach the plea agreement because the acceptance-of-responsibility recommendation was conditioned upon Adams exhibiting conduct consistent with acceptance of responsibility, and the agreement reserved to the government the discretion to void the agreement if Adams engaged in any further criminal activity.").

Government's Sentencing Reply Memorandum
CR 08-00423 JF                    2

defense notes that the plea agreement was focused on one trade secret, it is relevant that the defendant misappropriated other matters involving confidential information belonging to IBM and willingly shared them with his new employer.

In the defense materials, former defense counsel has filed a declaration. Surprisingly, the declaration contains a number of inaccuracies and takes settlement statements out of context. More importantly, former defense counsel, who was conflicted out of the case, refers to discussions that were expressly understood to be settlement discussions and were protected under Fed. R. Evid. 410, and other applicable authorities. It would be inappropriate for government counsel to breach this agreement, even if defense counsel feels comfortable doing so. Therefore any response, if necessary, can be addressed at the sentencing hearing.

Finally, under an Interim Protective Agreement signed by the parties in October 28, 2008, at the "conclusion of" the case, the "defense agree[d] to return all Confidential Material to the United States . . . ." The government has requested that the defendant return all Confidential Material, including all Digital Media, to the government. The government will request this property be returned at the sentencing hearing.

Dated: December 12, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
_____
MARK L. KROTOSKI
Assistant United States Attorney

/s/
_____
SUSAN KNIGHT
Assistant United States Attorney

# CERTIFICATE OF SERVICE

UNITED STATES v. ATUL MALHOTRA,

NO. CR 08-00423 JF

I, Susan Kreider, declare that I am a citizen of the United States, over the age of 18 years and not a party to the within action.

I hereby certify that a copy of the foregoing:

**GOVERNMENT'S SENTENCING MEMORANDUM**

was served today ___by hand; ___by facsimile; ___by Federal Express; __X_ by first class mail by placing a true copy of each such document(s) in a sealed envelope with postage thereon fully paid, either in a U.S. Mail mailbox or in the designated area for outgoing U.S. Mail in accordance with the normal practice of the United States Attorney's Office; ___by placing in the Public Defender's pickup box located in the Court Clerk's Office.

Ms. Christina Carrubba
United States Probation Officer
United States Probation Office
Northern District of California
450 Golden Gate Avenue, Seventeenth Floor
Box 36060
San Francisco, CA 94102
Fax (415) 436-7572

Thomas J. Nolan, Esq.
Nolan Armstrong, LLP
600 University Ave
Palo Alto, CA, 94301
Fax(650) 326-9704

I declare under penalty of perjury that the foregoing is true and correct, and that this certificate was executed at San Jose, California

DATED: December 12, 2008

_____
SUSAN KREIDER
Legal Assistant